## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

THADIUS T. BILLINGS,

     Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, CITIBANK,
N.A., JPMORGAN CHASE BANK,
N.A., and UPGRADE, INC.,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, THADIUS T. BILLINGS (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), CITIBANK, N.A. (hereinafter "Citibank"), JPMORGAN CHASE BANK, N.A. (hereinafter "Chase Bank"), and UPGRADE, INC. (hereinafter "Upgrade") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

1

## **PRELIMINARY STATEMENT**

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Fulton County, Georgia; Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Citibank is an FDIC insured national bank headquartered at 380-390 Greenwich Street, New York City, New York 10013 that upon information and belief conducts business in the State of Georgia.

20.     Citibank is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

21.     Citibank furnished Plaintiff's information to Experian which was inaccurate.

22.     Chase Bank is a corporation with its principal place of business in the State of New York and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

23.     Chase Bank is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

24.     Chase Bank furnished Plaintiff's information to Experian which was inaccurate.

25.     Upgrade is a corporation headquartered at 275 Battery Street, 23rd Floor in San Francisco, California 94111 that upon information and belief conducts business in the State of Georgia.

26.     Upgrade is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

27.     Upgrade furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

28.     Plaintiff is alleged to owe a debt to Citibank, partial account number ending in x2923, as to credit card (hereinafter "Citibank Account"). Plaintiff never applied or gave permission to anyone to apply using his information for the Citibank Account.

29.     Plaintiff is alleged to owe a debt to Chase Bank, partial account number ending in x5203, as to credit card (hereinafter "Chase Bank Account"). Plaintiff never applied or gave permission to anyone to apply using his information for the Chase Bank Account.

30.     Plaintiff is alleged to owe a debt to Upgrade, partial account number ending in x2228, as to an unsecured loan (hereinafter "Upgrade Account"). Plaintiff does not have an account with Upgrade and never applied or gave permission to anyone to apply using his information for the Upgrade Account.

31.     Plaintiff has been a victim of identity theft for several years.

32.     On or about December 6, 2017, Plaintiff was notified that his personal information was involved in a data breach.

33.    On or about March 10, 2020, Plaintiff filed a police report with the Atlanta Police Department regarding the identity theft.

34.    On or about January 28, 2023, Plaintiff placed a security alert on his credit file regarding the identity theft and fraudulent activity:

**Personal statements**

06& 01-28-23 0000000 ID FRAUD VICTIM ALERT FRAUDULENT APPLICATIONS MAY BE SUBMITTED IN MY NAME OR MY IDENTITY MAY HAVE BEEN USED WITHOUT MY CONSENT TO FRAUDULENTLY OBTAIN GOODS OR SERVICES. DO NOT EXTEND CREDIT WITHOUT FIRST CONTACTING ME PERSONALLY AND VERIFYING ALL APPLICATION INFORMATION AT DAY 404-731-6144 OR EVENING 404-516-8424 . THIS VICTIM ALERT WILL BE MAINTAINED FOR SEVEN YEARS BEGINNING 01-28-23.

35.    On or about February 26, 2024, Plaintiff reviewed his Trans Union credit report. Upon review, Plaintiff observed personal identifying information that was inaccurate and did not belong to him. Further, Plaintiff observed fraudulent accounts appearing in his credit file which did not belong to him:

  i.    Citibank Account, with a status of charge off and balance of $7,179;

  ii.    Consumers Cooperative, partial account number 462642325451****, with a status of charge off and balance of $1,148 (hereinafter "Consumers Cooperative Account");

  iii.    Chase Bank Account, with a status of charge off and balance of $6,871;

  iv.    Jefferson Capital System, partial account number 373360108****, a collection account on behalf of original creditor Navy Federal Credit Union, with a balance of $8,564 (hereinafter "JCS Account"); and

     v.    Upgrade Account, with a status of charge off and balance of $6,000.

36.    On or about February 26, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 169878685. In this report, he explained that he was a victim of identity theft and that the aforementioned accounts had been opened under his name and were listed in his credit report.

37.    Due to the inaccurate reporting, on or about March 7, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of his credit report, and Plaintiff advised he was a victim of identity theft. Additionally, Plaintiff explained the aforementioned accounts did not belong to him. To confirm his identity, Plaintiff included copies of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the police report filed with the Atlanta Police Department, images of his filed FTC Identity Theft Report, and other supporting documents.

38.    Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 0176 7879 55), Experian (9589 0710 5270 0176 7879 62), and Trans Union (9589 0710 5270 0176 7879 79).

39.    On or about March 28, 2024, Plaintiff received dispute results from Equifax which stated Plaintiff's personal identifying information was updated and that the Chase Bank Account was verified as accurate. To Plaintiff's relief, the results stated the JCS Account was deleted. Further, the Citibank Account, Consumers

Cooperative Account, and Upgrade Account were not reporting to his Equifax credit report.

40.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

41.    Equifax never attempted to contact Plaintiff during the alleged investigation.

42.    Upon information and belief, Equifax notified Chase Bank of Plaintiff's dispute. However, Chase Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

43.    On or about April 13, 2024, Plaintiff received dispute results from Experian which stated that the Citibank Account, Chase Bank Account, and Upgrade Account were all verified and would remain on his credit report.

44.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

45.    Experian never attempted to contact Plaintiff during the alleged investigation.

46.    Upon information and belief, Experian notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

47.    Upon information and belief, Experian notified Chase Bank of Plaintiff's dispute. However, Chase Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

48.    Upon information and belief, Experian notified Upgrade of Plaintiff's dispute. However, Upgrade failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

49.    On or about March 19, 2024, Plaintiff received a response from Trans Union regarding "Remedying the effect of identity theft".

50.    Despite confirmation of delivery on or about March 16, 2024, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Trans Union. However, on or about April 17, 2024, Plaintiff contacted Trans Union via telephone and spoke to representative "Adriel" who stated the JCS Account was removed, and the disputes of the remaining disputes were pending. Upon review of his updated credit report, Plaintiff observed the Citibank Account and Chase Bank Account continued to be reported to his Trans Union credit report.

51.    Plaintiff provided enough information to Trans Union to identify his file and to handle the dispute. Trans Union failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

52.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

53.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

54.    Upon information and belief, Trans Union notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

55.    Upon information and belief, Trans Union notified Chase Bank of Plaintiff's dispute. However, Chase Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

56.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report fraudulent accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

57.     The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

58.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

59.     Due to the inaccurate credit reporting, Plaintiff's application for an automobile loan was denied.

60.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.   Loss of time attempting to cure the errors;

   iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

   iv.   Denial for new credit;

    v.   Apprehensiveness to apply for new credit due to the fear of rejection; and

vi.   Defamation as Defendants published inaccurate information to third

party entities.

## CAUSES OF ACTION

## COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

61.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty

(60) above as if fully stated herein.

62.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to

follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning

Plaintiff.

63.   Upon information and belief, Equifax does not allow its representatives

to call consumers, like Plaintiff, during the dispute process or call witnesses with

knowledge about the dispute.

64.   Equifax selects to just parrot the information provided by the

furnisher(s) and to avoid conducting re-investigations.

65.   Equifax chooses the illegitimate parroting of information despite

consumers (like Plaintiff) providing ample evidence.

66.   Equifax violated its own policies and procedures by not deleting an

account when Plaintiff provided them with the filed police report with the Atlanta

Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

67.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denial(s); and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

68.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

69.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

70.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

71.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

72.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

73.     Equifax selects to just parrot the information provided by the furnisher(s) and to avoid conducting re-investigations.

74.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

75.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed police report with the Atlanta Police Department and filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

76.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denial(s); and mental and

emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

77.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

78.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **COUNT III**
### **Violations of 15 U.S.C. § 1681i as to**
### **Defendant, Equifax Information Services LLC (Negligent)**

79.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

80.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii)

failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

81.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

82.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denial(s); and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

83.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

84.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment

and post-judgment interest at the legal rate; enjoinder from further violations of these

parts; and such other such relief the Court may deem just and proper.

### COUNT IV
**Violations of 15 U.S.C. § 1681i as to
Defendant, Equifax Information Services LLC (Willful)**

85.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty

(60) above as if fully stated herein.

86.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i

by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving

notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii)

failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (iv) relying upon verification from a source

it has to know is unreliable.

87.     Despite the large amount of information and documentation produced

by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty

to investigate to the furnisher(s).

88.     As a direct result of this conduct, action and/or inaction of Equifax,

Plaintiff suffered damage, including without limitation, loss of the ability to benefit

from lower interest rates; loss of time; financial loss; credit denial(s); and mental and

emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

89.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

90.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

91.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

92.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

93.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

94.    Experian selects to just parrot the information provided by the furnisher(s) and to avoid conducting re-investigations.

95.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

96.    Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed police report with the Atlanta Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

97.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denial(s); and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

98.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

99.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

100.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

101.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

102. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

103. Experian selects to just parrot the information provided by the furnisher(s) and to avoid conducting re-investigations.

104. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

105. Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed police report with the Atlanta Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

106. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denial(s); and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

107. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

108.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

109.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

110.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

111.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct

23

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

112.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denial(s); and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

113.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

114.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VIII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

115.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

116.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

117.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

118.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denial(s); and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

119.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

120.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

121.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

122.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

123.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

124.   Trans Union selects to just parrot the information provided by the furnisher(s) and to avoid conducting re-investigations.

125.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

126.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed police report with the Atlanta Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

127.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denial(s); and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

128.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

129.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award

Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

130.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

131.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

132.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

133.   Trans Union selects to just parrot the information provided by the furnisher(s) and to avoid conducting re-investigations.

134.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

135.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed police report with the Atlanta

Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

136.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denial(s); and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

137.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

138.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

139.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

140.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

141.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

142.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to respond to Plaintiff's disputes.

143.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denial(s); and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

144.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

145.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

146.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

147.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

148.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

149.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to respond to Plaintiff's disputes.

150.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denial(s); and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

151.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

152.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Negligent)

153.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

154.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

155.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

156.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

157.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denial(s); and mental and

emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

158.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

159.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Willful)

160.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

161.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

162.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

163.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

164.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denial(s); and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

165.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

166.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XV**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Citibank, N.A. (Negligent)**

167.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

168.   Citibank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

169.   After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

170.   Plaintiff provided all the relevant information and documents necessary for Citibank to have identified that the account was fraudulent.

171.   Citibank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to Citibank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

172.   Citibank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

173.   As a direct result of this conduct, action, and/or inaction of Citibank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; credit denial(s); and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

174.   The conduct, action, and inaction of Citibank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

175.   Plaintiff is entitled to recover costs and attorney's fees from Citibank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual damages against Defendant, CITIBANK, N.A.; jointly and

severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Citibank, N.A. (Willful)

176.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

177.   Citibank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

178.   After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

179.   Plaintiff provided all the relevant information and documents necessary for Citibank to have identified that the account was fraudulent.

180.   Citibank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to Citibank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

181.   Citibank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

182.   As a direct result of this conduct, action, and/or inaction of Citibank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; credit denial(s); and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

183.   The conduct, action, and inaction of Citibank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

184.   Plaintiff is entitled to recover costs and attorney's fees from Citibank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual or statutory damages and punitive damages against

Defendant, CITIBANK, N.A.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XVII**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, JPMorgan Chase Bank, N.A. (Negligent)**

185.  Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

186.  Chase Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

187.  After receiving Plaintiff's disputes, Chase Bank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

188.  Plaintiff provided all the relevant information and documents necessary for Chase Bank to have identified that the account was fraudulent.

189.  Chase Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient

40

evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Chase Bank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

190.   Chase Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

191.   As a direct result of this conduct, action, and/or inaction of Chase Bank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; credit denial(s); and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

192.   The conduct, action, and inaction of Chase Bank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

193.   Plaintiff is entitled to recover costs and attorney's fees from Chase Bank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual damages against Defendant, JPMORGAN CHASE BANK, N.A.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XVIII**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, JPMorgan Chase Bank, N.A. (Willful)**

194.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

195.   Chase Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

196.   After receiving Plaintiff's disputes, Chase Bank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

197.   Plaintiff provided all the relevant information and documents necessary for Chase Bank to have identified that the account was fraudulent.

42

198.   Chase Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Chase Bank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

199.   Chase Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

200.   As a direct result of this conduct, action, and/or inaction of Chase Bank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; credit denial(s); and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

201.   The conduct, action, and inaction of Chase Bank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

202.   Plaintiff is entitled to recover costs and attorney's fees from Chase Bank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, JPMORGAN CHASE BANK, N.A.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XIX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Upgrade, Inc. (Negligent)

203.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

204.   Upgrade furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

205.   After receiving Plaintiff's disputes, Upgrade violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

44

206.   Plaintiff provided all the relevant information and documents necessary for Upgrade to have identified that the account was fraudulent.

207.   Upgrade did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Upgrade by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

208.   Upgrade violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

209.   As a direct result of this conduct, action, and/or inaction of Upgrade, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; credit denial(s); and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

210.    The conduct, action, and inaction of Upgrade was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

211.    Plaintiff is entitled to recover costs and attorney's fees from Upgrade in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual damages against Defendant, UPGRADE, INC.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XX**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Upgrade, Inc. (Negligent)**

212.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

213.    Upgrade furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

214.    After receiving Plaintiff's disputes, Upgrade violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and

lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

215.   Plaintiff provided all the relevant information and documents necessary for Upgrade to have identified that the account was fraudulent.

216.   Upgrade did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Upgrade by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

217.   Upgrade violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

218.   As a direct result of this conduct, action, and/or inaction of Upgrade, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; credit denial(s); and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

219.   The conduct, action, and inaction of Upgrade was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

220.   Plaintiff is entitled to recover costs and attorney's fees from Upgrade in an amount to be determined by the Court pursuant to 15 USC § 1681n.

221.   WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, UPGRADE, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, THADIUS T. BILLINGS, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, CITIBANK, N.A., JPMORGAN CHASE BANK, N.A., and UPGRADE, INC.,

jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 27th day of May 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Secondary email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*